IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANTOS O. MASCOTE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| BURLINGTON NORTHERN SANTA FE RAILWAY | ) | Judge: |
| | ) | |
| | ) | Trial by Jury Demanded |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SANTOS O. MASCOTE, by and through his attorneys, James T. Foley and RIDGE & DOWNES, and for his Complaint against Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY (hereinafter BNSF), states as follows:

### PARTIES

1. The Plaintiff, SANTOS O. MASCOTE, (hereinafter referred to as "MASCOTE") was, and at all times herein mentioned, is a resident of Streator, LaSalle County, Illinois.

2. Defendant, BNSF, is now, and at all times relevant hereto, a corporation duly organized and existed according to law engaged in business as a common carrier by rail in interstate commerce. BNSF, at all relevant times, does business as a common carrier by rail in counties in Illinois to include the County of LaSalle. BNSF also owns, operates and controls many miles of track, rail yards and related facilities throughout the Counties of LaSalle, Cook, Will, and DuPage, State of Illinois.

3. At all times relevant, Defendant BNSF, was and is subject to the provisions of the Federal Employers Liability Act, 45 U.S.C Sections 56 *et al.* (FELA).

4. At all times relevant, MASCOTE was an employee of BNSF and assigned to various jobs and facilities owned, operated and controlled by BNSF, including but not limited to Illinois and Iowa.

## JURISDICTION AND VENUE

5. The acts that Plaintiff has alleged in this complaint have occurred in this District.

6. This Court has jurisdiction over the Defendant, BNSF, and venue is proper in this Court under 28 U.S.C. Section 1331 since this is a civil action brought pursuant to the Federal Employers' Liability Act, (FELA), 45 U.S.C Section 56.

## COUNT I –FELA

NOW COMES the Plaintiff, SANTOS O. MASCOTE, by and through his attorneys, RIDGE AND DOWNES, complaining of Defendant, BNSF, for his Complaint at Law, pleading hypothetically and in the alternative, states:

7. This action is brought pursuant to Title 45 U.S.C. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

8. On or before July 03, 2013, and at all times relevant to this claim, the Defendant, BNSF was a corporation duly existing according to law to engage in, and was at all times mentioned herein engaged in, doing business as a common carrier by rail in the State of Illinois and other States of the United States.

2

9. On or before July 03, 2013, and at all times relevant to this claim, BNSF maintained offices, buildings, tracks, and yards within LaSalle, Will, DuPage and Cook County, Illinois.

10. On or before July 03, 2013, and at all times relevant to this claim, the Plaintiff MASCOTE, was employed by BNSF as a trackman, laborer, and was working in interstate commerce and subject to the provisions of the Federal Employers Liability Act, Title 45 U.S.C., Section 51, *et seq.*

11. During the Plaintiff's 39 years of employment and in the course of performing his duties for BNSF, MASCOTE has been required as a necessary component of his job to operate equipment that needlessly exposed him to ergonomic risk factors for the development of musculoskeletal injury, including exposure to harmful jolting, bumping and whole body vibration, working on irregular and uneven ballast, performing heavy and strenuous work including lifting, pushing, pulling, bending, stooping, crawling, squatting and similar demanding physical activities, and to perform his duties on steeply, sloped areas, on irregular surfaces and under varied weather conditions.

12. That on July 03, 2013, Plaintiff underwent a total right knee replacement, according to his surgeon, due to his knee pain and pain and numbness to his right lower extremities, which his physician associated with his 36 years of employment with BNSF.

13. MASCOTE suffered serious and permanent injuries to his right knee, right lower extremity due in whole or in part, due to BNSF's negligence, specifically:

    a. BNSF negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work;

3

    b.    BNSF negligently and carelessly failed to provide Plaintiff with safe and proper tools and equipment to reduce the risk of cumulative trauma and resulting injuries;

    c.    BNSF negligently and carelessly failed to provide Plaintiff with proper supervision, direction, and instruction regarding cumulative trauma and its effect on the body;

    d.    BNSF negligently and carelessly failed to warn Plaintiff of the risks of developing cumulative trauma;

    e.    BNSF negligently and carelessly failed to follow recommendations issued by the American Association of Railroads regarding ergonomics;

    f.    BNSF negligently and carelessly failed to follow recommendations, standards and policies established by OSHA regarding ergonomics; and

    g.    Was otherwise careless and negligent.

14.    As a result, in whole or in part, due to BNSF's negligence, as set forth above, MASCOTE has in the past and will in the future lose wages and/or suffer a loss of diminution of earning capacity, including loss of fringe benefits in an amount MASCOTE is unable to accurately determine at this time; MASCOTE has in the past and will in the future suffer emotional and physical pain.

15.    As a further result, in whole or in part, due to BNSF's negligence, as set forth above, MASCOTE has in the past and will in the future lose wages and/or suffer a loss of diminution of earning capacity, including loss of fringe benefits in an amount MASCOTE is unable to accurately estimate at this time.

16. By reasons of each and all of the facts stated above, MASCOTE has suffered damages in an amount to be proved at Trial.

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor and against the Defendant, BNSF, in such amount sufficient to fully compensate Plaintiff, MASCOTE, for damages and injuries to be proven at trial, in excess of $100,000.00, plus the costs and fees associated with this action.

## COUNT II – NEGLIGENT ASSIGNMENT

17. Plaintiff repeats and re-alleges paragraphs 1 – 16 of this Complaint as if fully set forth herein.

18. On July 03, 2013 Plaintiff MASCOTE sustained injuries to his right knee and lower extremities that required a total right knee replacement. Plaintiff returned to work on or about October 17, 2013.

19. Upon his return to work with BNSF and knowing that MASCOTE had a total right knee replacement, BNSF returned MASCOTE to his same job and duties he was doing with BNSF prior to his total right knee replacement.

20. At all times relevant to this claim, BNSF, by and through its agents and employees, was negligent in one or more of the following ways with respect to this injury;

    a. Chose to not provide a safe work environment for its employees;

    b. Chose to provide insufficient tools;

    c. Chose to provide insufficient safeguards;

    d. Chose to provide insufficient training;

  e. Directed MASCOTE to perform a dangerous task with insufficient safeguards;

  f. Directed MASCOTE to perform a dangerous task with insufficient supervision;

  g. Directed MASCOTE to perform a dangerous task with insufficient tools; and,

  h. Was otherwise negligent.

21. As a direct result of his injuries, MASCOTE sustained severe and permanent injuries to his right knee, lower extremities, and body; has been injured, damaged and incapacitated; has in the past and will in the future, incur legal obligations for hospital, medical, nursing, rehabilitative, and related services of treatment; has in the past and will in the future lose profits, wages, benefits, and earnings which he would have otherwise made and acquired; has been caused to suffer pain, disability, disfigurement, and inconvenience; all of which injuries and conditions are permanent.

WHEREFORE, the Plaintiff, SANTOS O. MASCOTE, demands judgment against Defendant, BNSF for a sum in excess of $100,000.00, plus the costs of this suit.

            Respectfully submitted
            Santos O. Mascote

            By: _____
               Attorney for Plaintiff

James T. Foley
RIDGE & DOWNES
101 North Wacker Drive
Suite 200
Chicago, Illinois 60606
(312) 372-8282
(312) 372-8560 fax
jfoley@ridgedownes.com